THORNAL, Justice.
We have for consideration a judgment of the Board of Governors of the Florida Bar disbarring respondent Olen W. Cheshire from the practice of law.
Respondent was charged with, and found guilty of violations of canons 11 and 32 of the Canons of Ethics and Rules 1, 9, 27, 28 and 30 of the rules covering the conduct of attorneys in Florida prescribed by this court as of December 6, 1955, 31 F.S.A. The sum of the misprisions included obtaining money from a client for his own use by pretense and design, the forgery of a promissory note, and testifying falsely before a grievance committee of the Bar, although the false testimony was subsequently corrected.
At a formal hearing of the grievance committee of the 10th Judicial Circuit held on July 25, 1958, respondent Cheshire appeared and under oath admitted, for all practical purposes, the commission of the acts of professional misconduct for which *570 he was subsequently disbarred. These admitted acts constituted the basis of the complaint filed against Cheshire by the Board of Governdts of the Florida Bar. Thereafter, the referee entered a formal order fixing a time within which respondent could answer or file any other defensive pleadings. A copy of this order was served on the respondent by mail addressed to his last known address. He filed no responsive pleading. -Thereafter, a copy of an order fixing the time and place of hearing was sent by registered mail to the respondent at his last known address. Apparently, he had departed for parts unknown and could not be located by the local post office.
By his report the referee cautiously detailed the efforts which had been made to reach the respondent at his last known address in Lakeland, Florida, prior to the hearing. This was the address reflected by the records in the office of the Executive Director of the Bar. These efforts included not only the use of the mail but personal efforts by the referee to reach the respondent by telephone, by calling at his former office, by making inquiries around the community and by contacting people in the community who had known the respondent and who advised that he had departed for parts unknown. The referee recommended disbarment. The Board of Governors concurred and has entered a judgment accordingly.
The efforts of the grievance committee, bar counsel, and the referee in this particular case reflect admirable diligence and commendable credit upon those members of the Bar of the State who contribute unselfishly of their own time, without hope of material compensation, in an effort to' give effective meaning to the Canons of Ethics and the self-imposed procedures for their enforcement.
Upon the filing of the judgment of the Board of Governors, this court through its clerk made a further effort to locate the respondent in order to serve upon him a copy of the judgment. He was addressed by registered mail at his last known address. The communication was returned with a notation that respondent had moved. Thereafter, personal service was attempted through the Marshal of the District Court of Appeals, Second District, who reported to this court that respondent could not be located in the community.
 We think the diligent effort which has been made to locate the respondent meets the requirements of due process in view of his status as a member of an Integrated Bar and particularly in view of his personal appearance before the grievance committee pursuant to notice. This we deem to have been tantamount to a personal appearance subjecting himself to the jurisdiction of the Florida Bar and this court under the bar integration rule. The formal investigatory hearing by a local grievance committee constitutes a part of the process established to enforce discipline. We think also, a member of the Integrated Bar is obligated by the rules to keep the headquarters office of the Bar informed of his address. In fact, Article 2, subd. 6 of the Integration Rule, 31 F.S.A., makes it the duty of each member of the Bar to advise the Executive Director of any change of address. Article 11, subd. 5(g) of the same rule authorizes service by registered mail addressed to a lawyer’s last known address as reflected by the records in the office of the Florida Bar.
Ordinarily, an uncontested matter of this nature would be disposed of without opinion. We have dwelt on the matter in some detail to point up the exceptional diligence of the representatives of the Bar who handled the matter. The case also emphasizes the importance of compliance with the rules and it illustrates the propriety of employing a form of substituted service on a lawyer under circumstances apparent in the instant case. Ordinarily, of course, personal service is preferable.
A copy of the judgment of the Board of Governors was mailed to the re *571 spondent by registered mail under date of March IS, 1959. Article 11, subd. 5(e) Integration Rule. Using that as a base date and finding that more than 30 days have expired from said date without effort on the part of respondent to contest the judgment of the Board of Governors, it is ordered and adjudged that the respondent Olen W. Cheshire be and he is hereby disbarred from the practice of law and his name is hereby stricken from the rolls of the Florida Bar. The cost of this proceeding in the amount of $111.38 is hereby assessed against the respondent for which let execution issue.
It is so ordered.
TERRELL, C. J., and THOMAS, HOBSON and ROBERTS, JJ., concur.