PER CURIAM.
The respondent, Thomas R. Varnedoe, filed his petition with The Florida Bar requesting permission to resign from The Bar without prejudice to being reinstated at some future time. A letter was sent to each member of the Grievance Committee which had begun an investigation into respondent’s conduct and the matter was thereafter considered by the Board of Governors. The Board of Governors, proceeding under Rule 11.09, Article XI, of the Integration Rule of The Florida Bar, 31 F.S.A., filed in this court its Judgment ordering the acceptance of the resignation from The Florida Bar, providing, however, that said resignation be without leave for reinstatement.
More than thirty days have elapsed since the filing in this court of the Judgment of the Board of Governors and respondent has filed no petition for review thereof. Notice of the action of the Board of Governors was directed by registered mail to the respondent at his regular and last known address, but was returned by the United States Post Office marked “Moved, left no address”. Cf. State ex rel. Florida Bar v. Cheshire (Fla.1959), 112 So.2d 569. This court has duly considered the record and finds that the decision of the Board of Governors accepting respondent’s resignation without leave for reinstatement a proper proposal in this cause. Therefore, the action of the Board of Governors is approved and it is ordered that the name of Thomas R. Varnedoe be stricken from the list of those persons entitled to practice law in this state, without leave for reinstatement in the future.
It is so ordered.
THORNAL, C. J., and ROBERTS, O’CONNELL, CALDWELL and ERVIN, JJ., concur.